THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| King Drug Company of Florence, Inc., on behalf of itself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 06-cv-01797-RBS |
| Cephalon, Inc., Barr Laboratories, Inc., Mylan Laboratories, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| Vista Healthplan, Inc., on behalf of itself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 06-cv-01833-RBS |
| Cephalon, Inc., Barr Laboratories, Inc., Mylan Laboratories, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| Rochester Drug Co-Operative, Inc., on behalf of Itself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 06-cv-01868-RBS |
| Cephalon, Inc., Barr Laboratories, Inc., Mylan Laboratories, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

|  |  |
|---|---|
| Meijer, Inc. and Meijer Distribution, Inc., on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   06-cv-01911-RBS |
| Cephalon, Inc., Barr Laboratories, Inc., Mylan Laboratories, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc., | ) ) ) ) ) ) |
| Defendants. | ) ) |
| The Pennsylvania Turnpike Commission, on behalf of itself and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   06-cv- 02020-RBS |
| Cephalon, Inc., Barr Laboratories, Inc., Mylan Laboratories, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc., | ) ) ) ) ) ) |
| Defendants. | ) ) |
| Burlington Drug Company, Inc., on behalf of itself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   06-cv-02052-RBS |
| Cephalon, Inc., Barr Laboratories, Inc., Mylan Laboratories, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc., | ) ) ) ) ) ) |
| Defendants. | ) ) |

|  |  |  |
|---|---|---|
| J.M. Smith Corporation, d/b/a/ Smith Drug Company, on behalf of itself and all others Similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 06-cv-02146-RBS |
| Cephalon, Inc., Barr Laboratories, Inc., Mylan Laboratories, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| Debra Langan, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | 06-cv-02507-RBS |
| v. | ) ) | |
| Cephalon, Inc., Barr Laboratories, Inc., Mylan Laboratories, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| Pennsylvania Employees Benefit Trust Fund, on behalf of itself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | 06-cv-02883-RBS |
| v. | ) ) ) | |
| Cephalon, Inc., Barr Laboratories, Inc., Mylan Laboratories, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

3

_____

|  |  |  |
|---|---|---|
| Apotex, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | 06-cv-02768-RBS |
| | ) | |
| v. | ) | |
| | ) | |
| Cephalon, Inc., Barr Laboratories, Inc., Mylan | ) | |
| Laboratories, Inc., Teva Pharmaceutical | ) | |
| Industries, Ltd., Teva Pharmaceuticals USA, Inc., | ) | |
| Ranbaxy Laboratories, Ltd. and Ranbaxy | ) | |
| Pharmaceuticals, Inc., | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CASE MANAGEMENT ORDER NO. 2

WHEREAS, Apotex, Inc., on or about June 26, 2006, brought an action against Cephalon, Inc., Barr Laboratories, Inc., Mylan Laboratories, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc. (the "Defendants") in the United States District Court for the Eastern District of Pennsylvania (the "District") seeking to recover money damages and other relief from injuries it allegedly sustained (the "Apotex Action"); and

WHEREAS, various other actions have been filed against Defendants by plaintiffs seeking to recover money damages and other relief from injuries allegedly sustained by proposed classes of direct purchasers of Provigil® (the "Direct Purchaser Class Actions" or "Direct Purchaser Actions"), and end-payors for Provigil® (the "End-Payor Class Actions" or "End-Payor Actions); and various actions may hereafter be filed by direct purchasers of Provigil® that intend to "opt-out" of the proposed class of direct purchasers (the "Opt-Out Direct Purchaser Actions"); and

4

WHEREAS, Apotex, Inc., is seeking relief that is different from the relief sought by the plaintiffs in the Direct Purchaser Class Actions and the End-Payor Class Actions and because Apotex, Inc., is not part of either of the putative classes of either the direct purchasers of Provigil® or the end-payors for Provigil®, but the Apotex Action arises out of the same operative facts;

WHEREAS, Case Management Order No. 1, entered by this Court on 08/08/06 ("CMO No. 1"), consolidated for all purposes the Direct Purchaser Class Actions then pending or thereafter filed in this Court or transferred to this Court; consolidated for all purposes the End-Payor Class Actions then pending or thereafter filed in this Court or transferred to this Court; and coordinated for pretrial purposes the Consolidated Direct Purchaser Class Actions, the Consolidated End-Payor Class Actions, any Opt-Out Direct Purchaser Actions then pending or thereafter filed in this Court or transferred to this Court, and any other action then pending or thereafter filed in this Court or transferred to this Court that arises out of the same operative facts as the Direct Purchaser Class Actions and the End-Payor Class Actions; and

WHEREAS, the Defendants and Apotex, Inc., desire to promote judicial economy and avoid duplication,

It is on this  8th  day of August, 2006, ORDERED as follows:

**I.     COORDINATION OF ACTIONS**

1.     The Apotex Action, the Consolidated Direct Purchaser Class Actions, the Consolidated End-Payor Class Actions, any Opt-Out Direct Purchaser Actions, and any other action that becomes subject to the terms of CMO No. 1 shall be coordinated as follows for pretrial proceedings (collectively the "Coordinated Actions").

2.      The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

**II.     MASTER DOCKET, MASTER FILE AND SEPARATE ACTION DOCKETS**

3.      The Master Docket and Master File (under the docket number 06-cv-01797-RBS) established under CMO No. 1 shall apply to all Coordinated Actions, including the Apotex Action.  Entries in said Master Docket shall be applicable to each of the cases in this litigation as more fully set forth below.  As provided for in CMO No. 1, separate dockets shall also be maintained for each related case currently pending, subsequently filed in or transferred to this Court, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

4.      Consistent with the terms of CMO No. 1, when a pleading or other court paper is filed and the caption, pursuant to section III, *infra*, shows that it is applicable to "All Actions," the Clerk shall file such pleading or other court paper in the Master File and enter such filing in the Master Docket, with a notation to reflect that the filing relates to "All Actions," as appropriate.  No further copies need be filed nor docket entries made.

5.      In addition to the provisions of CMO No. 1 concerning pleadings specific to one or more of the other Coordinated Actions, when a pleading or other court paper is filed and the caption, pursuant to section III, *infra*, shows that it is applicable only to the Apotex Action, the Clerk need file such pleading or other court paper only in the Master File but nonetheless shall enter such filing in both the Master Docket and in the docket of each such specified action.

### III. CAPTION OF CASES

6. As set forth in CMO No. 1, every pleading filed in the Consolidated Actions shall bear the following caption:

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE MODAFINIL ANTITRUST LITIGATION | Case No. 06-cv-01797-RBS |
|---|---|
| THIS DOCUMENT RELATES TO: | Honorable R. Barclay Surrick |

7. When a pleading or other Court paper filed in the Coordinated Actions is intended to apply to all actions therein, the words "ALL ACTIONS" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. In addition to the provisions of CMO No. 1 concerning pleadings specific to one or more of the other Coordinated Actions, when a pleading or other Court paper is intended to be applicable only to the Apotex Action, the party filing the document shall indicate that the document is intended to be applicable only to that matter by including the case caption for the Apotex Action and the docket number(s).

### IV. ORGANIZATION OF COUNSEL

8.  Counsel of Record for Plaintiff Apotex, Inc., is as follows:

| | |
|---|---|
| Neil J. Hamburg | A. Sidney Katz |
| Michael E. Sacks | Robert B. Breisblatt |
| HAMBURG & GOLDEN, P.C. | Julie A. Katz |
| 1601 Market Street, Suite 3310 | Steven E. Feldman |
| Philadelphia, PA 19103-1443 | Brian J. Sodikoff |
| T: 215-225-8590 | Michael S. Krol |
| | WELSH & KATZ, LTD. |
| | 120 S. Riverside Plaza, 22nd Floor |
| | Chicago, IL  60606 |

9.  Counsel of Record for each Defendant in each and every one of the Coordinated Actions is as follows:

   a.  Counsel for Cephalon, Inc.

| | |
|---|---|
| David J. Creagan | James C. Burling |
| Michael N. Onufrak | Michelle D. Miller |
| David E. Edwards | Peter A. Spaeth |
| WHITE AND WILLIAMS LLP | Mark A. Ford |
| 1800 One Liberty Place | Amy L. Nash |
| Philadelphia, PA 19103-7395 | WILMER CUTLER PICKERING |
| T: 215-864-7000 | HALE AND DORR LLP |
| F:  215-864-7123 | 60 State Street |
| | Boston, MA 02109 |
| | T: 617-526-6000 |
| | F: 617-526-5000 |

   b.  Counsel for Barr Laboratories, Inc.

| | |
|---|---|
| Karen N. Walker | Richard L. Scheff |
| Edwin J. U | MONTGOMERY, MCCRACKEN, |
| Jennifer S. Atkins | WALKER & RHOADS, LLP |
| KIRKLAND AND ELLIS LLP | 123 South Broad Street |
| 655 Fifteenth Street, NW | Philadelphia, PA  19109 |
| Washington, DC 20005-5793 | T: 215-772-7502 |
| T: 202-879-5000 | F: 215-772-7620 |
| F: 202-879-5200 | |

  c. Counsel for Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc.

| | |
|---|---|
| David A. Balto | George D. Carroll |
| Kenneth A. Freeling | ROBINS, KAPLAN, |
| ROBINS, KAPLAN, | MILLER & CIRESI L.L.P. |
| MILLER & CIRESI, L.L.P. | 2800 LaSalle Plaza |
| Suite 1200 | 800 LaSalle Avenue |
| 1801 K Street NW | Minneapolis, MN 55402 |
| Washington, DC 20006 | T: 612-349-8500 |
| T: 202-775-0725 | F: 612-339-4181 |
| F: 202-223-8604 | |

  d. Counsel for Mylan Laboratories, Inc.

| | |
|---|---|
| Edward F. Mannino | Paul B. Hewitt |
| Mary Kay Christodoulou | David L. Axelrod |
| AKIN GUMP STRAUSS HAUER | AKIN GUMP STRAUSS HAUER |
| & FELD LLP | & FELD LLP |
| One Commerce Square | 1333 New Hampshire Avenue, NW |
| 2005 Market Street | Washington, DC 20036 |
| Suite 2200 | T: 202-887-4000 |
| Philadelphia, PA 19103-7013 | F: 202-887-4288 |
| T: 215-965-1200 | |
| F: 215-965-1210 | |

  e. Counsel for Teva Pharmaceutical Industries, Ltd. and Teva Pharmaceuticals, USA, Inc.

| | |
|---|---|
| Charles J. Bloom | William H. Rooney |
| STEVENS & LEE, P.C. | Ian K. Hochman |
| 620 Freedom Business Center | David K. Park |
| Suite 200 | WILLKIE, FARR & GALLAGHER LLP |
| King of Prussia, PA 19406 | 787 Seventh Avenue |
| T: 610-205-6001 | New York, NY 10019-6099 |
| F: 610-371-7964 | T: 212-728-8000 |
| | F: 212-728-8111 |

  10. <u>Admission of Attorneys</u>.  Each attorney listed above not a member of the bar of this Court who is acting as counsel for Plaintiff Apotex, Inc., or any of the Defendants shall be deemed admitted *pro hac vice* to practice before this Court in connection with these proceedings,

provided that such counsel is a member in good standing of the bar of any state or federal district court.  Their appearances of record are hereby deemed filed.  Any party may alter its list of counsel by notifying other counsel of record pursuant to paragraph 24 and the Clerk of the Court.

### V. SERVICE

11. Pursuant to Paragraph 7 of the Procedural Order governing Electronic Case Filing in the Eastern District of Pennsylvania, electronic service of the Notice of Electronic Case Filing constitutes service of the filed document to all parties who have consented to electronic service.  For documents that need not be filed with the Court, service shall be made by serving a copy both by electronic mail, and either facsimile or next business-day delivery.  Service of documents that need not be filed with the Court on plaintiffs in the Direct Purchaser Class Actions and the End-Payor Class Actions shall be made in the manner set forth in CMO No. 1.  In accordance with Rule 6(e) of the Federal Rules of Civil Procedure, service by electronic means will be treated the same as service by mail for the purpose of adding three (3) days to the prescribed period to respond.

### VI. COORDINATION AND SCHEDULING

12. _Coordination_.  Counsel for Apotex, Inc., Lead Counsel for Consolidated Direct Purchaser Class Actions (as identified in CMO No. 1), Lead Counsel in the Consolidated End-Payor Class Actions (as identified in CMO No. 1), counsel in any Opt-Out Direct Purchaser Actions, and counsel for any other plaintiff whose action becomes subject to the terms of CMO No. 1 shall reasonably coordinate to avoid duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other Court papers, discovery papers, and discovery

practice, where practicable. Said communication shall not constitute a waiver of the attorney work product protection, attorney-client privilege or any other privilege or confidentiality claims.

13. <u>Response to Apotex Complaint</u>. Each Defendant shall have until September 8, 2006 to answer, move, or otherwise plead in response to the Complaint filed on June 26, 2006 by Apotex, Inc.; however, the defendants reserve the right to request an extension of time beyond September 8, 2006 in order to coordinate the timing of their responses to the Apotex Action with their responses to the Direct Purchaser Class Actions and the End Payor Class Actions. Defendants reserve all defenses including those available under Rule 12 of the Federal Rules of Civil Procedure.

14. <u>Document Preservation and Confidentiality</u>. The parties to each of the Coordinated Actions shall meet and confer to determine their obligations to preserve documents that may relate to the subject matter of the Coordinated Actions, as well as to negotiate a proposed protective order governing the handling of confidential and highly confidential information. Before any party in the Apotex Action may commence discovery, the parties also shall meet and confer to discuss a joint discovery plan to address both the timing and scope of discovery and to coordinate the discovery if practicable with the discovery in the Consolidated Direct Purchaser Class Actions, the Consolidated End-Payor Class Actions, any Opt-Out Direct Purchaser Actions, and any other action that becomes subject to the terms of CMO No. 1. In the absence of agreement, the parties to the Apotex action shall submit proposed discovery plans to the Court prior to commencing discovery.

15. <u>Mandatory Meet and Confer of Counsel</u>. Should a dispute arise in any of the Coordinated Actions, counsel for the parties shall conduct a mandatory meet and confer among

counsel, which may take place via teleconference, in an effort to resolve the dispute.  If no resolution is reached, upon written representation that such meet and confer took place but no amicable resolution could be reached, Counsel may then bring the dispute to this Court via a letter, brief, or other written submission as deemed appropriate by this Court.  Nothing in this paragraph shall prevent or preclude a party from requesting a telephonic conference or hearing with the Court to address a dispute during the course of a deposition once discovery commences.

16. <u>Modification of Case Management Order</u>.  Notwithstanding the foregoing undertakings to coordinate activities in the Coordinated Actions, each party in the Apotex Action reserves its right to seek an order from the Court modifying this Case Management Order.

IT IS SO ORDERED.

BY THE COURT:

/s/ R. Barclay Surrick
U.S. District Court Judge