

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KING DRUG COMPANY OF FLORENCE, INC., et al.,<br>Plaintiffs,<br><br>v.<br><br>CEPHALON, INC., et al.,<br>Defendants. | CIVIL ACTION<br><br><br>No. 2:06-cv-1797 |
| VISTA HEALTHPLAN, INC., et al.,<br>Plaintiffs,<br><br>v.<br><br>CEPHALON, INC., et al.,<br>Defendants. | CIVIL ACTION<br><br><br>No. 2:06-cv-1833 |
| APOTEX, INC.,<br>Plaintiff,<br><br>v.<br><br>CEPHALON, INC., et al.,<br>Defendants. | CIVIL ACTION<br><br><br>No. 2:06-cv-2768 |
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>v.<br><br>CEPHALON, INC.,<br>Defendant. | CIVIL ACTION<br><br><br>No. 2:08-cv-2141 |

FILED

SEP 11 2009

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Cephalon, Inc., Barr Laboratories, Inc., Mylan Laboratories, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Ranbaxy Pharmaceuticals, Inc., Apotex, Inc., all plaintiffs in the Consolidated Direct Purchaser Class Action (06-cv-1797), including any Individual Direct Purchaser Plaintiffs consolidated therewith, all plaintiffs in the Consolidated End-Payor Class Action (06-cv-1833), and the Federal Trade Commission (the "FTC" or "Commission"), pursuant to <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 786 (3d Cir. 1994), the Court finds that good cause exists for entry of a protective order in the above-captioned matters (the "Actions") to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED THAT:

1.   **Materials Covered**

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery materials which that party or person produces, serves, or provides in connection with these Actions as "Confidential" or "Highly Confidential," as described below.

   a.   "Confidential Material" shall mean material which contains trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the

2

Federal Rules of Civil Procedure and/or applicable law.

b.    "Highly Confidential Material" shall mean any Confidential Material that contains trade secrets, highly sensitive and non-public research and analysis, customer information, current (not more than five (5) years old) financial, marketing, and strategic business planning information (including past information indicative of current practices), current or any future pricing information, information relating to research, development, testing of, and plans for, a party's existing and proposed future products, information relating to the processes, apparatus, or analytical techniques used by a party in its present or proposed commercial production of such products, information relating to pending or abandoned patent applications which have not been made available to the public, communications regarding any of the Highly Confidential Material, and any other information that a party believes in good faith could be used by a competitor to harm its business.

c.    Any document produced by a party in this litigation may be designated as Confidential Material by marking it "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" on the face of the document at or prior to the time of production.  Any document produced by a party in this litigation may be designated as Highly Confidential Material by marking it "HIGHLY CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" on the face of the document at or prior to the time of production.  A party or person may designate electronic documents and other non-paper media as "Confidential" or "Highly Confidential," as appropriate, by noting such designation in an accompanying cover letter, without need to include

3

additional designations within the electronic document or non-paper media itself. All designations will be made by an attorney.

d.      Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material or as Highly Confidential Material. The person desiring to designate any potion of a deposition as Confidential Material or Highly Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or any other testimony) as containing Confidential Material of Highly Confidential Material in accordance with this Order by notifying the opposing party in writing, within thirty (30) days or receipt of the transcript that contains Confidential Material or Highly Confidential Material. All such transcripts shall be treated as Highly Confidential Material and subject to this Protective Order until a time thirty (30) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material or Highly Confidential Material in accordance with Paragraph 5 hereof, within thirty (30) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Protective Order.

e.      Any document produced (or material containing information from a document produced) by a party or by a third party and all transcripts of investigational hearings taken during the precomplaint investigation by the FTC shall be treated as Highly Confidential for purposes of this Order, unless either the original source of the

document agrees or the Court orders otherwise.  The identity of a third party submitting such documents shall also be treated as Highly Confidential for the purposes of this Order if the submitter has requested such treatment; provided, however, that the Commission shall provide outside counsel with a list of those persons who request or have requested Highly Confidential treatment for their identities and whose Highly Confidential materials are disclosed to counsel under this Order, and shall identify on that list the specific documents produced by each such person.

f.    Any document produced (or material containing information from a document produced), any deposition transcripts or exhibits, any expert reports, any filings, and other materials from *Cephalon, Inc. v. Mylan Pharmaceuticals, Inc. et al.*, C.A. No. 03-1294 (JCL) (D.N.J.), that were designated therein as confidential or highly confidential shall be, if requested and produced in these Actions, treated as Highly Confidential under this Order, unless either the original source of the document agrees or the Court orders otherwise.

2.    **Disclosures of Documents**

a.    All materials produced in discovery, including, but not limited to, that which is designated "Confidential" and "Highly Confidential," shall be used solely in furtherance of the prosecution or defense of these Actions, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Order.

b.    Each person to whom "Confidential" and "Highly Confidential" material is disclosed,

except the persons identified in Paragraphs 3(a)-(d) and 4(a)-(d) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Order, before receiving "Confidential" or "Highly Confidential" material. For the avoidance of doubt, each in-house counsel identified in Paragraph 3(b) shall execute a Declaration in the form of Exhibit A. Copies of this executed Declaration shall be retained by counsel disclosing "Confidential" or "Highly Confidential" material to such person.

c.   Notwithstanding any contrary provision in this Order, a party is permitted to disclose "Confidential" and "Highly Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via electronic mail/PDF, or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

d.   Notwithstanding this Order, the Federal Trade Commission may, subject to taking appropriate steps to preserve confidentiality, disclose and use Confidential and Highly Confidential documents in responding to either: (a) a formal request from either House of Congress or from any committee or subcommittee of Congress, consistent with applicable law, including §§ 6 (f) and 21 of the FTC Act, 15 U.S.C. §§ 46(f) and 61; or (b) a federal or state access request pursuant to Commission Rule 4.11(c), 15 C.F.R. § 4.11(c).

3.    **"Confidential" Materials**

Disclosure of "Confidential" materials may be made only to:

a.    the Court, its secretaries, clerks, and law clerks in the manner set forth herein;

b.    attorneys for a party who are working on these Actions (including in-house counsel actively involved in the prosecution or defense of these Actions who has executed a Declaration in the form of Exhibit A) and their employed secretaries, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphic services) (this category hereinafter referred to as "Attorneys");

c.    court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

d.    FTC Commissioners, Commission attorneys, employees and law clerks;

e.    any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are employed) who is retained by counsel for any of the parties in these Actions to assist counsel in these Actions, provided that such expert or consultant (1) is not an employee of: (i) any party, or a subsidiary, parent or affiliate of any party, or (ii) any other manufacturer of branded or generic drugs in the United States or a subsidiary, parent or affiliate of any such manufacturer, or (iii) any direct purchaser of any manufacturer described in (ii) or a subsidiary, parent or affiliate of any such direct purchaser; and (2) is not, at the time of engagement, a consultant (other than a testifying expert or litigation consultant) to any entity described in (1)(i) or (1)(iii)

7

if that consultation relates to the subject matter of the Confidential or Highly Confidential materials disclosed under this Paragraph or Paragraph 4(e);

f.    any person or individual who may testify as a witness either at a deposition or court proceeding in these Actions, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness (this category hereinafter referred to as "Witness");

g.    one individual, who has executed a Declaration in the form of Exhibit A, from each of the following plaintiffs: King Drug Company of Florence, Inc., Rochester Drug Co-operative, Inc., Stephen L. LaFrance Co., Burlington Drug Company, J.M. Smith Corporation, Vista Healthplan, Inc., and Pennsylvania Employees Benefit Trust Fund, and whose identity and job description had been disclosed to all parties at least two (2) business days prior to disclosure to that person of any Confidential materials, provided that (i) Confidential documents relating to product pricing, pricing strategy, or product development (other than those documents authored by, sent by or to, or received by an employee or agent of the plaintiff designating under this Paragraph) shall not be disclosed to the designated individual; and (ii) if any of the plaintiffs identified in this Paragraph retains in-house counsel during the pendency of these Actions, that plaintiff shall promptly notify all parties to these Actions, and that plaintiff's designee under this Paragraph will no longer be entitled to disclosure of Confidential information of another party; and

h.    any other person that all parties agree to in writing.

4.     **"Highly Confidential" Materials**

Disclosure of "Highly Confidential" materials may be made only to:

a.     the Court, its secretaries, clerks, and law clerks in the manner set forth herein;

b.     Attorneys (as defined in Paragraph 3(b) above), but not to in-house counsel;

c.     Court Reporters (as defined in Paragraph 3(c) above);

d.     FTC Commissioners, Commission attorneys, employees and law clerks;

e.     Experts (as defined in Paragraph 3(e) above); and

f.     Witnesses (as defined in Paragraph 3(f) above), provided however that such disclosure shall only be made to a witness:

     i.     who is a current employee of the party producing the "Highly Confidential" material; or

     ii.     who is a former employee of the producing party and who originally created or received the document in the ordinary course of that employment; or

     iii.     who is a former employee of the producing party and who originally had an authorised right of access to the document in the ordinary course of that employment; or

     iv.     if the material was already in the public domain or otherwise disclosed to the public; or

     v.     who is an author, addressee, or recipient of the material in question, or if there are other indicia that the witness has seen the document previously; or

     vi.     if the party seeking to disclose the material provides counsel for the designating party with advance written notice, via electronic mail/PDF, or

hand delivery, at least two (2) business days before disclosure, that states the identity of the material for which disclosure is sought and the identity of the witness to whom disclosure would be made. Counsel for the designating party may challenge the proposed disclosure of material pursuant to this provision, by providing counsel for the party seeking disclosure with a written objection, via electronic mail/PDF or hand delivery, within one (1) business day thereafter. If a written objection is made, the party seeking disclosure shall not proceed with disclosure unless authorized to do so pursuant to the procedures described in Paragraph 6 below.

5.    **Invocation of This Order**

The protection of this Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" or "Highly Confidential" information shall bear the clear and legible designation "Confidential" or "Highly Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" or "Highly Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" or "Highly Confidential" and serving such designations within thirty (30) business days after receipt of the transcript of the deposition in which the designations are made. All depositions transcripts shall be treated as "Highly Confidential" for the thirty (30) business day period following receipt of the transcript.

6.      **Challenge to Designation**

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made.  A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so.  Any party wishing to challenge the  "Confidential" or "Highly Confidential" designation assigned by another party or other person with respect o any material shall give written notice of such objection to counsel for the designating party.  The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolve by agreement of counsel, it shall be the burden of the party challenging the  "Confidential" or "Highly Confidential" designation to file an appropriate motion with the Court after counsel confer in good faith.  Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion, shall to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material.  Upon filing of such a motion, the burden resets upon the party or person designating "Confidential" or "Highly Confidential" material to demonstrate the propriety of such designation.  Until the parties or the Court resolves a challenge to the designation of "Confidential" or "Highly Confidential" material, the original designation shall remain in full force and effect.

7.      **Handling of Confidential and Highly Confidential Materials**

All materials designated as  "Confidential" or "Highly Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and

copies may be submitted to the Court under seal as necessary.  Within sixty (60) days after such time as these Actions are concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing  "Confidential" or "Highly Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing  "Confidential" or "Highly Confidential" information (including but not limited to copies in the possession or control of any Expert or employee).

**8.**     **Inadvertent Production of Privileged Documents**

Inadvertent production of any document produced in response to discovery requests in these Actions by any party or person, that such party or person later claims should have been withheld on grounds of a privilege (an "Inadvertently Produced Privilege Document"), including but not limited to the work product doctrine, will not be deemed, in itself, to waive any privilege or work product protection either as to specific information in the Inadvertently Produced Privilege Document or as to any other information relating thereto or on the same or related subject matters.  A party or person claiming privilege or other protections for an Inadvertently Produced Privilege Document may notify any party that received the documents and state the basis for withholding such document from production.  After being notified, any possessing party must not use or disclose the document until the claim is resolved and must take reasonable steps to retrieve the document if the party disclosed it before being notified.  In addition, within five (5) days, any possessing party must return or destroy the specified document and any copies it has and the producing party must retain a copy of the document until the resolution or termination of these Actions.  After a document is returned or destroyed pursuant to this Paragraph, a party may move the Court for an order compelling production of the document, but such party may not assert as a ground for entering such an order the mere fact

of inadvertent production.

9.      **Inadvertent Failure to Designate**

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential" or "Highly Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with the confidentiality designation that the producing party states should have been affixed to it.  The producing party must then re-produce the document, paper, or thing with the appropriate confidentiality designation.  The inadvertent failure of a party or person to designate a documents as "Confidential" or "Highly Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter.

10.     **Information from Third-Party Sources**

To the extent that any discovery requests are served on a non-party, the party serving discovery shall, at the time of service, provide the non-party with a copy of this Order.

11.     **Use in Court Proceedings**

Nothing contained in this Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" or "Highly Confidential" material.  The parties reserve the right to seek additional relief from the Court with respect to "Confidential" or "Highly Confidential" material that may be presented at trial or in any hearing before the Court.

With respect to the use of "Confidential" or "Highly Confidential" material at any pre-trial hearing before the Court, the party expecting to use such material shall give two (2) business days' advance notice (not less than 48 hours) to the designating party, that identifies the material intended

to be used, to enable the designating party to seek relief from the Court as appropriate, provided that the advance notice provision shall not apply if (i) the Court indicates that the trial or pre-trial hearing will be closed to persons other than those to whom disclosure of the material is permitted pursuant to Paragraphs 3 and 4 above, (ii) circumstances arise in good faith that render such advance notice objectively unfeasible, and the party expecting to use such material informs the disclosing party as soon as possible and, in all events, prior to introducing or otherwise using the material, or (iii) the material, though designated as "Confidential" or "Highly Confidential," was previously used in a public hearing. Notwithstanding the foregoing, a party may use another party's Confidential or Highly Confidential materials on cross-examination or redirect examination at a hearing provided that party has given reasonable notice to the designating party that identifies the materials intended to be used, to enable the designating party to seek relief from the Court as appropriate. Citation of "Confidential" or "Highly Confidential" materials in briefing or submission to the Court, including in the body of expert reports (including charts, graphs, or other presentation of data), related to the subject matter of the hearing shall constitute notice for purposes of this Paragraph.

All parties agree not to oppose a request to close the courtroom to protect Confidential or Highly Confidential materials (but not including trial). If the Court orders the courtroom to be closed to the public, then any "Confidential" or "Highly Confidential" materials may be presented openly in the courtroom. If the Court declines to order the courtroom to be closed, then any "Confidential" or "Highly Confidential" materials shall be presented to the Court for review *in camera* or as the Court may otherwise direct.

Procedures governing the use of another party's "Confidential" or "Highly Confidential" materials at trial shall be set forth in the Final Pretrial Order, prepared in accordance with Local Rule

of Civil Procedure 16.1.

12.    **Filing in Court**

No "Confidential" or "Highly Confidential" materials shall be filed in the public record of these Actions.  All pleadings, motions, or other papers filed with the Court that contain or make reference to material designated as "Confidential" or "Highly Confidential" shall be filed in a sealed envelope and kept under seal by the Clerk of this Court until further written order of the Court specifically directing that the material be unsealed.  To facilitate compliance with this Order by the Clerk's office, material filed under these designations shall be contained in a folder bearing the title "Impounded Document."  The papers will be deemed timely filed when a notice of filing under seal is lodged with the Clerk of Court and an electronic version of the brief or submission (without attachments or exhibits) is transmitted to counsel for all relevant parties via electronic mail/PDF, or hand delivery; the materials filed under seal may be filed with the Court the following day.

13.    **Further Application**

Nothing in this Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provision with respect to specific material if the need should arise during these Actions.  The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of these Actions and for such time thereafter as is needed to carry out the terms of this Order.

14.    **Reservation of Rights**

By designating any material "Confidential" or "Highly Confidential" the parties do not acknowledge that any such material is relevant or discoverable in these Actions.  All parties reserve

15

the right to seek discovery of, or alternatively to resist discovery of, such material in these Actions.

15.    **Modification by the Court**

      The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**AGREED UPON BY COUNSEL:**[1]

**September 11, 2009**

                                          **IT IS SO ORDERED:**

                                          **MITCHELL S. GOLDBERG, J.**

---

[1] Counsel submitted a joint proposed protective order for the Court's consideration on August 31, 2009.  Counsel for all parties involved agreed to all the provisions of the proposed order except for Paragraph 3(e)(2).  Counsel submitted two (2) proposals for Paragraph 3(e)(2), and the Court chose the proposal which best addressed the need facilitate fair and expeditious discovery in these Actions.  The Court also modified Paragraph 12 in accordance with the Clerk of Court's standard procedures.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KING DRUG COMPANY OF FLORENCE, INC., et al., <br>          Plaintiffs, <br><br>     v. <br><br> CEPHALON, INC., et al., <br>          Defendants. | CIVIL ACTION <br><br><br> No. 2:06-cv-1797 |
| VISTA HEALTHPLAN, INC., et al., <br>          Plaintiffs, <br><br>     v. <br><br> CEPHALON, INC., et al., <br>          Defendants. | CIVIL ACTION <br><br><br> No. 2:06-cv-1833 |
| APOTEX, INC., <br>          Plaintiff, <br><br>     v. <br><br> CEPHALON, INC., et al., <br>          Defendants. | CIVIL ACTION <br><br><br> No. 2:06-cv-2768 |
| FEDERAL TRADE COMMISSION, <br>          Plaintiff, <br><br>     v. <br><br> CEPHALON, INC., <br>          Defendant. | CIVIL ACTION <br><br><br> No. 2:08-cv-2141 |

## Exhibit A

### DECLARATION UNDER
### STIPULATED PROTECTIVE ORDER
### GOVERNING CONFIDENTIAL MATERIAL

I, _____, who am employed by _____, thereby acknowledge that:

i.    I have read the Protective Order dated September 10, 2009, and agree to be bound by such terms;

ii.   I will not make copies or notes of Confidential or Highly Confidential material except as necessary to enable me to render assistance in connection with these Actions;

iii.  I will not disclose Confidential or Highly Confidential material to any person not expressly entitled to receive it under the terms of the Protective Order;

iv.   I will not use Confidential or Highly Confidential material for any purpose other than that authorized by the Protective Order; and

v.    I agree to subject to the jurisdiction of this Court for the sole purpose of having the terms of the Protective Order enforced.

Date: _____          Signature: _____

                                   Address: _____

                                            _____

                                            _____