# WILMERHALE

June 12, 2015

**Via Email**

James C. Burling

+1 617 526 6416 (t)
+1 617 526 5000 (f)
james.burling@wilmerhale.com

The Honorable Mitchell S. Goldberg
United States District Judge
United States District Court
Eastern District of Pennsylvania
601 Market Street
Room 4000
Philadelphia, PA 19106-1797

Re:   *FTC v. Cephalon*, No. 08-cv-2141 (MSG)

Dear Judge Goldberg:

      I write on behalf of Cephalon, Inc. in response to the Court's Order (Dkt. No. 400, June 2, 2015) requesting letter briefs regarding the Court's role in reviewing the settlement between Cephalon and the Federal Trade Commission ("FTC") that is memorialized in the Proposed Stipulated Order for Permanent Injunction and Equitable Monetary Relief ("Proposed Order").

      The Proposed Order simply sets out a settlement resolving litigation between two parties. It is a product of extensive negotiations between Cephalon and the FTC and fully resolves their dispute regarding the Provigil settlements. It is consistent with longstanding judicial policy that encourages parties to resolve their differences through settlement. *See Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 350 (3d Cir. 1986) ("[C]ommentators and judges who may concur on little else[] agree on the value and necessity of a vigorous policy of encouraging fair and reasonable settlement of civil claims whenever possible.").

      At the FTC's request, the settlement was implemented as a Proposed Order because it includes prospective injunctive relief. The parties thus agreed to have the settlement entered as an Order so that the Court could maintain jurisdiction to enforce the parties' agreement. *See FTC v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1218 (9th Cir. 2004) ("[A] consent decree is no more than a settlement that contains an injunction.") (quotation marks omitted).

      As emphasized in the *Citigroup* decisions cited in the FTC's June 8, 2015 letter, the "scope of a court's authority to second-guess an agency's discretionary and policy-based decision to settle is at best minimal." *SEC v. Citigroup Global Mkts. Inc.* (*Citigroup I*), 673 F.3d 158, 164 (2d Cir. 2012); *see also SEC v. Citigroup Global Mkts., Inc.* (*Citigroup II*), 752 F.3d 285, 293 (2d Cir. 2014) (reversing district court refusal to approve proposed consent decree it viewed as unfair and inadequate and holding the district court applied a standard that was far too

WILMERHALE

June 12, 2015
Page 2

onerous in light of the "strong federal policy favoring the approval and enforcement of consent decrees").

A district court's review of a proposed consent order should focus only on "ensuring the consent decree is procedurally proper, … taking care not to infringe on the [agency]'s discretionary authority to settle on particular set of terms." *Citigroup II*, 752 F.3d at 295.  Thus the court should limit its examination to such factors as (1) "the basic legality of the decree"; (2) "whether the terms of the decree, including its enforcement mechanism, are clear"; (3) "whether the consent decree reflects a resolution of the actual claims in the complaint"; and (4) "whether the consent decree is tainted by improper collusion or corruption of some kind." *Id.* at 294–95. Unlike the review of a proposed class action settlement, a court need not inquire into a consent decree's "adequacy": "Scrutinizing a proposed consent decree for 'adequacy' appears borrowed from the review applied to class action settlements, and strikes us as particularly inapt in the context of a proposed … consent decree." *Id.* at 294.

The Proposed Order here clearly satisfies this standard.  The decree is legal on its face; its terms and enforcement mechanism are clear; it reflects a resolution of the claims and relief sought in the complaint; and there was obviously no collusion between Cephalon and the FTC. The FTC's approval of the agreement in a 5–0 vote reflects the agency's policy judgment and allows the Court's review to be even more limited.  *See Citigroup I*, 673 F.3d at 164.  The Proposed Order is the product of extensive negotiations between counsel for the FTC and Cephalon that spanned a period of more than four months and followed seven years of discovery and motion practice.

Because the Proposed Order readily satisfies the standard for this Court's limited review, there is no basis for any third party to question or challenge its terms.  Cephalon thus requests that the Court review and enter the Proposed Order at its earliest convenience.

Very truly yours,

**/s/ James C. Burling**
James C. Burling

JCB:ct


cc: Discovery Counsel