IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KING DRUG COMPANY OF FLORENCE, INC., et al., : <br> Plaintiffs, : <br> v. : <br> CEPHALON, INC., et al., : <br> Defendants. : | CIVIL ACTION <br><br> No. 2:06-cv-1797 |

## ORDER

**AND NOW**, this 27th day of July, 2015, upon consideration of the "King Drug Direct Purchaser Class Plaintiffs' Motion for Certification of the Direct Purchaser Class" (Doc. No. 662), the response and reply thereto, as well as supplemental briefing and arguments made during oral argument, and for the reasons stated in the accompanying memorandum opinion, it is hereby **ORDERED** that the Direct Purchasers' motion for class certification is **GRANTED**. The Court makes the following determinations as required by Rule 23:

1. Pursuant to Federal Rule of Civil Procedure 23(c)(1)(B), the Class, which shall hereinafter be denominated the "Class," is defined as follows:

   > All persons or entities in the United States and its territories who purchased Provigil in any form directly from Cephalon at any time during the period from June 24, 2006 through August 31, 2012 (the "Class"). Excluded from the Class are Defendants, and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.

2. Pursuant to Rule 23(a)(1), the Court determines that the Class is so numerous and geographically dispersed, and that judicial economy would be served through class treatment, such that joinder of all members is impracticable. According to data produced by Defendants, the Class has at least twenty-two (22) members geographically dispersed

1

throughout the United States. Additionally, the extensive history of this case and significant discovery that has already been conducted would render joinder costly and extremely inconvenient. These considerations are sufficient to satisfy the impracticability of joinder requirement of Rule 23(a)(1).

3. Pursuant to Rule 23(c)(1)(B), the Court determines that the following issues relating to claims and/or defenses present common, class-wide questions, and thus should be subject to class treatment:

   a. Whether Cephalon and the Generic Defendants entered into pay-for-delay agreements to delay market entry of generic modafinil that violated the antitrust "rule of reason";

   b. Whether Cephalon possessed monopoly power (and, if necessary, the definition of the relevant market);

   c. Whether Cephalon made a large payment to the Generic Defendants, as described in Federal Trade Commission v. Actavis, Inc., 133 S. Ct. 2223 (2013);

   d. Whether Defendants can prove any cognizable, non-pretextual, procompetitive justification for the reverse payments;

   e. Whether Defendants' conduct delayed generic competition and, if so, when generics would have entered the market but for Defendants' conduct; and

   f. Whether impact on Direct Purchasers in the form of overcharges can be proven using proof and methodologies that are predominantly common and applicable class-wide.

4. The Court determines that the foregoing class-wide issues relating to claims and/or defenses are questions of law or fact common to the Class that satisfy Rule 23(a)(2).

5. King Drug Company of Florence, Inc., J.M. Smith Corp. d/b/a Smith Drug Co., Meijer, Inc., Meijer Distribution, Inc., Rochester Drug Co-Operative, Inc., Stephen L. LaFrance Holdings, Inc., Burlington Drug Co., Inc., Stephen L. LaFrance Pharmacy d/b/a SAJ Distributors, Inc., the named Plaintiffs in this lawsuit (the "Named Plaintiffs") are appointed as representatives of the Class for the following reasons:

   a. the Named Plaintiffs allege on behalf of the Class the same manner of injury from the same course of conduct that they complain of themselves, and the Named Plaintiffs assert on their own behalf the same legal theories that they assert for the Class. The Court therefore determines that the Named Plaintiffs' claims are typical of the claims of the proposed Class within the meaning of Rule 23(a)(3); and

   b. Pursuant to Rule 23(a)(4), the Court determines that the Named Plaintiffs will fairly and adequately protect the interests of the Class. The Named Plaintiffs' interests do not conflict with the interests of absent members of the Class. All of the Class members share a common interest in proving Defendants' alleged anticompetitive conduct, and all Class members share a common interest in recovering the overcharge damages sought in the Complaint. Moreover, any Class member that wishes to opt out will be given an opportunity to do so. Furthermore, the Named Plaintiffs are well-qualified to represent the Class in this case, given their collective experience in prior cases, and the vigor with which they have prosecuted this action thus far.

6. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide

3

claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Class as a whole, predominate over those issues that are subject only to individualized proof. Also pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Class in a single action. The Court also believes that there are few manageability problems presented by a case such as this.

7. This Court previously appointed Bruce E. Gerstein and Joseph Opper of Garwin Gerstein & Fisher, LLP as Lead Counsel for the Class; Daniel Berger, David F. Sorenson, and Daniel C. Simons of Berger & Montague, P.C. as Liaison Counsel and as a member of the Executive Committee for the Class; and an Executive Committee for the Class comprised of: Stuart E. Des Roches, Esq. and Andrew Kelly, Esq. of Odom & Des Roches, L.L.P.; David P. Smith (now of Smith Segura & Raphael, LLP); Linda P. Nussbaum, Esq. (now of Giant & Eisenhofer, P.A.); and Dianne M. Nast, Esq. and Erin C. Burns, Esq. (now of NastLaw LLC). (See Doc. No. 196.) The Court finds that counsel for the Class have prosecuted this litigation effectively to date, and, having considered the factors provided in Rule 23(g)(1)(A), hereby confirms the respective appointments as counsel for the Class pursuant to Federal Rule of Civil Procedure 23(c)(1)(B) and 23(g). Lead Counsel are directed to ensure that any remaining work in this litigation that is performed by any counsel listed on the complaint is performed efficiently and without duplication of effort.

8. The parties should be prepared to discuss the notice process at the status conference scheduled to be held on **Monday, August 10, 2015** at **10:00 a.m.**  (See Doc. No. 826.)

                                                **BY THE COURT:**

                                                /s/ Mitchell S. Goldberg

                                                _____
                                                **Mitchell S. Goldberg, J.**