**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KING DRUG COMPANY OF FLORENCE, Inc.,** *et al.*, **On behalf of themselves and all others similarly situated,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **CEPHALON, INC.,** *et al.*, <br><br> **Defendants.** | **Civil Action No.** <br><br> **2:06-cv-01797-MSG** <br><br>―――――――――――― <br><br> **Judge Mitchell S. Goldberg** |

**DIRECT PURCHASER CLASS PLAINTIFFS' OPPOSITION TO MYLAN AND
RANBAXY'S MOTION TO STAY CLASS NOTICE PENDING DECISION ON THEIR
RULE 23(f) PETITION**

## I.      INTRODUCTION

The Direct Purchaser Class Plaintiffs (the "DPCPs") submit this memorandum in

opposition to Mylan and Ranbaxy's motion to stay class notice pending the Third Circuit's

decision on their Rule 23(f) petition.  *See* Dkt No. 838. Mylan and Ranbaxy offer no principled

reason why class notice should be stayed nor that they will suffer any prejudice if it is not.

## II.      BACKGROUND

On July 27, 2015, the Court certified a direct purchaser litigation class with respect to the

antitrust claims asserted against Mylan and Ranbaxy.  *See* Dkt No. 829 (Memorandum Op.). The

Court directed the parties to be prepared to discuss the class notice process at the status

conference to be held on August 10, 2015. *See* Dkt No. 830 (Order). On July 31, 2015, counsel

for DPCPs contacted counsel for all Defendants, including counsel for Mylan and Ranbaxy, via

e-mail, informing Defendants that counsel for DPCPs intended to request that the Court permit

them to serve class notice promptly and in conjunction with the settlement notice the Court had previously approved and ordered to be sent to the Class on August 17, 2015, and requested that Defendants let counsel for DPCPs know whether they consented to same.

On August 4, 2015, counsel for the Cephalon Defendants responded via e-mail having no objection, provided that the class notice made clear distinctions between the two notices. On August 5, 2015, counsel for Mylan responded via e-mail stating that Mylan did not consent because Mylan intended to seek leave to appeal pursuant to Rule 23(f) and intended to request that notice not be issued until the Third Circuit decided whether or not to hear the appeal. Counsel for Ranbaxy did not respond.

Accordingly, on August 5, 2015, counsel for DPCPs filed a motion seeking permission to serve class notice on August 17, 2015, and annexing a copy of the proposed class notice itself. *See* Dkt No. 833. The proposed class notice was modeled on the form of notice approved by the Court for use concerning the settlement with the Cephalon Defendants, with modifications made to remove discussion of the approval process for the settlement and to specifically note that the notice concerned *only* the ongoing litigation against Mylan and Ranbaxy. *See id.* at Ex. 1.

At the August 10, 2015 status conference, the Court appeared to be in agreement with counsel for DPCPs' proposal that settlement and litigation notices be sent in a combined mailing on August 17, 2015, and directed Defendants to provide any specific objections to the form of the notice by August 12, 2015.  Counsel for DPCPs did not receive objections from any of the Defendants until they received notice via ECF of the filing of Mylan and Ranbaxy's instant motion at approximately 8:00 pm on August 12, 2015.

### III.    ARGUMENT

Federal Rule of Civil Procedure 23(f) provides that even if a 23(f) petition is granted, "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders."  Notably, while Mylan and Ranbaxy timely filed their Rule 23(f) petition on August 10, 2015, they did not concurrently seek a stay from this Court.  Accordingly, DPCPs' submit that Mylan and Ranbaxy's belated request for a stay is now untimely.

Moreover, Mylan and Ranbaxy's objections to the timing and form of the notice appear to be pretextual and interposed for purposes of delay.  With respect to the timing, Mylan and Ranbaxy have offered no good faith basis for delay.  Their entire argument is premised on their assumption that the Third Circuit will rule on the petition in sufficient time to permit class notice and opt-out requirements to be completed in time for a February 2016 trial should the petition be denied.  But a stay of proceedings cannot be justified on such an imprecise and speculative basis, and the delay could be much longer.[1]  More importantly, Mylan and Ranbaxy have it backwards. They have presented no evidence of any prejudice they would suffer from class notice being sent now.  Even in the (unlikely) event that their 23(f) petition is granted, the class notice is still operative – it is only if class certification is ultimately reversed that corrective notice will be required.  Whatever the likelihood of that occurring and additional notice being required *is not a grounds for staying class notice now*.[2]

---

[1] *See*, *e.g.*, *In re K-Dur Antitrust Litig.*, No. 09-8006 (3d Cir.) (Rule 23(f) petition filed Jan. 13, 2009 but petition not acted on until 22 months later, on Nov. 24, 2010).

[2] Mylan and Ranbaxy insist that the mere filing of their papers warrants a stay, but a Third Circuit case they cite in which a stay was granted involved a 23(f) petition that was actually being accepted.  *Wachtel v. Guardian Life Ins. Co. of Am.*, 453 F.3d 179, 183 (3d Cir. 2006) (granting stay when court was "agreeing to review the certification order").

Mylan and Ranbaxy's contentions about the form of the class notice are also makeweight. As they readily acknowledge, "[R]ule 23 provides broad discretion to district courts with respect to the notice's form and content." *In re Baby Prods. Antitrust Litig.*, 708 F. 3d 163, 180 (3d Cir. 2013). As DPCPs' detailed in their motion, the proposed class notice complies with all of the requirements of Rule 23. Mylan and Ranbaxy claim, however, that the class notice is defective because it refers to Cephalon's *Walker Process* fraud. But DPCPs are pursing claims against Mylan and Ranbaxy for agreeing not to compete with their generic versions of Provigil even though Mylan and Ranbaxy knew that Cephalon's patent protecting Provigil had been obtained by fraud. Further, class notice does not require ongoing notice regarding the *structure of the joint trial* when decisions about how the trial will be conducted will likely not be finalized until the eve of trial. To the extent there is a significant change in the nature of the case, additional notice can always be provided if the Court determines it is necessary.

Having shown no prejudice from class notice being sent nor that the proposed class notice is deficient, Mylan and Ranbaxy are not entitled to the extraordinary remedy of a stay.

Dated: August 13, 2015                    By: /s/ Kimberly Hennings

                                          GARWIN GERSTEIN & FISHER LLP
                                          Bruce E. Gerstein
                                          Joseph Opper
                                          Kimberly Hennings
                                          88 Pine Street
                                          New York, NY 10005
                                          Tel:  (212) 398-0055
                                          Fax: (212) 764-6620

                                          *Lead Counsel for Plaintiffs in the King Drug Direct
                                          Purchaser Action*

BERGER & MONTAGUE, P.C.
Daniel Berger
David F. Sorensen
Eric L. Cramer
Daniel C. Simons
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

*Liaison Counsel and Member of the Executive Committee for Plaintiffs in the King Drug Direct Purchaser Action*

ODOM & DES ROCHES, L.L.P.
Stuart E. Des Roches
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078

*Executive Committee for Plaintiffs in the King Drug Direct Purchaser Action*

SMITH SEGURA & RAPHAEL, LLP
David P. Smith
Susan C. Segura
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
*Executive Committee for Plaintiffs in the King Drug Direct Purchaser Action*

Nussbaum Law Group, P.C.
Linda P. Nussbaum
570 Lexington Ave.
New York, NY 10022
Tel: (212) 702-7053
Fax: (212) 681-0300

*Counsel for Plaintiffs Meijer, Inc. and Meijer Distribution, Inc. and Executive Committee for Plaintiffs in the King Drug Direct Purchaser Action*

NASTLAW LLC.
Dianne M. Nast
Erin C. Burns
1101 Market Street, Suite 2801
Philadelphia, PA 19107
Tel: (215) 923-9300
Fax: (215) 923-9302

*Counsel for SAJ Distributors, Inc., and Stephen L. LaFrance Holdings, Inc. and Executive Committee for Plaintiffs in the King Drug Direct Purchaser Action*

FARUQI & FARUQI LLP
Peter Kohn
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Tel: (215) 277-5770
Fax: (215) 277-5771

*Counsel for Rochester Drug Co-Operative, Inc.*

HEIM PAYNE & CHORUSH, LLP
Russell Chorush
Chase Tower
600 Travis, Suite 6710
Houston, TX 77002
Tel: (713) 221-2000

*Counsel for Plaintiffs in the King Drug Direct Purchaser Class Action*

**<u>CERTIFICATE OF SERVICE</u>**

I, Kimberly Hennings, hereby certify that on August 13, 2015, a copy of the foregoing was served on counsel for all parties via the Court's CM/ECF system where the foregoing document is available for downloading and viewing.

<u>/s/ Kimberly Hennings</u>