IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KING DRUG COMPANY OF FLORENCE, INC., et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 2:06-cv-1797 |
| | : | |
| CEPHALON, INC., et al., | : | |
| Defendants. | : | |

# ORDER

**AND NOW,** this 13th day of August, 2015, upon consideration of the Direct Purchaser Class Plaintiffs' "Motion to Approve the Form and Manner of Notice to the Direct Purchaser Litigation Class and to Amend the Litigation Class Definition" (Doc. No. 833), the response thereto, and "Mylan and Ranbaxy's Motion to Stay Class Notice Pending Decision on their Rule 23(f) Petition" (Doc. No. 838), it is hereby **ORDERED** that:

1. Plaintiffs' motion to amend the litigation class definition, which is unopposed, is **GRANTED**. The Litigation Class definition set forth in this Court's Order of July 27, 2015 (Doc. No. 830) is **AMENDED** as follows:

   All persons or entities in the United States and its territories who purchased Provigil in any form directly from Cephalon at any time during the period from June 24, 2006 through August 31, 2012. Excluded from the Class are Defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.

   Also excluded from the Class are: Rite Aid Corporation, Rite Aid HDQTRS. Corp., JCG (PJC) USA, LLC, Eckerd Corporation, Maxi Drug, Inc. d/b/a Brooks Pharmacy, CVS Caremark Corporation, Walgreen Co., The Kroger Co., Safeway Inc., American Sales Co., Inc., HEB Grocery Company, LP, Supervalu, Inc. and Giant Eagle, Inc., and their officers, directors, management, employees, subsidiaries, or affiliates, in their own right and as assignees from putative members of the class.

2

2. Plaintiffs' motion to approve the form and manner of notice is **DENIED without prejudice** in light of Defendants' representation that "the parties did not have an opportunity to meet and confer in advance about the form and content of the proposed notice." (See Defs.' Resp. ¶ 14.)  Counsel for Direct Purchaser Class Plaintiffs, Mylan and Ranbaxy shall meet and confer within ten (10) days from the date of this Order and attempt to resolve the objections raised in Defendants' response.

3. Within fourteen (14) days of the date of this Order, the parties shall submit either a joint motion to approve the form and manner of notice, or, in the event that the parties are unable to reach an agreement, Plaintiffs shall file a renewed motion to approve the form and manner of notice, and Defendants shall file renewed objections thereto.

4. Mylan and Ranbaxy's motion to stay class notice pending decision on their Rule 23(f) petition is **DENIED**.

                                                      **BY THE COURT:**

                                                      /s/ Juan R. Sánchez
                                                    _____
                                                    **Juan R. Sánchez, J.**
                                                    **for Mitchell S. Goldberg, J.**