IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KING DRUG COMPANY OF FLORENCE, INC., et al., | : : : : : : : : : : | CIVIL ACTION |
| Plaintiffs, | | |
| v. | | No. 2:06-cv-1797 |
| CEPHALON, INC., et al., | | |
| Defendants. | | |
| VISTA HEALTHPLAN, INC., et al., | : : : : : : : : : : | CIVIL ACTION |
| Plaintiffs, | | |
| v. | | No. 2:06-cv-1833 |
| CEPHALON, INC., et al., | | |
| Defendants. | | |
| APOTEX, INC., | : : : : : : : : : : | CIVIL ACTION |
| Plaintiff, | | |
| v. | | No. 2:06-cv-2768 |
| CEPHALON, INC., et al., | | |
| Defendants. | | |

**ORDER**

**AND NOW**, this 5th day of October, 2015, upon consideration of "Plaintiffs' Daubert Motion to Exclude the Opinions of Gregory K. Bell" (Dkt. No. 06-1797, Doc. No. 605; Dkt. No. 06-1833, Doc. No. 311), which has been joined by Apotex (See Dkt. No. 06-2768, Doc. No. 697), and upon consideration of "Direct Purchaser Class Plaintiffs' Daubert Motion to Exclude Certain Opinions and Proposed Trial Testimony of Defendants' Experts Jerry Hausman and

1

Edward A. Snyder" (Dkt. No. 06-1797, Doc. No. 611), which has been joined by the End Payor Class Plaintiffs and Apotex (<u>See</u> Dkt. No. 06-1833, Doc. No. 298; Dkt. No. 06-2768, Doc. No. 697), the responses and replies thereto, and for the reasons stated in the accompanying memorandum opinion, it is hereby **ORDERED** that Plaintiffs' joint motion is **GRANTED in part and DENIED in part**, such that:

— The motion is granted with respect to Bell, Hausman and Snyder's opinions that resolution of Cephalon's litigation uncertainty constitutes a procompetitive justification for the reverse-payment settlements;

— The motion is granted with respect to Edward A. Snyder's opinion that "Generic manufacturers also realized the importance of potential generic entry, and considered necessary contingency plans," as this provides impermissible expert testimony on a party's state of mind;

— The motion is granted by agreement with respect to Edward A. Snyder's opinions regarding the scope of the patent framework;

— Plaintiffs' challenges to opinions that necessarily assume the validity of the RE '516 patent are held in abeyance and will be addressed by a later opinion; and

— The motion is denied in all other respects.

        **BY THE COURT:**

        **/s/ Mitchell S. Goldberg**

        **Mitchell S. Goldberg, J.**