IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KING DRUG COMPANY OF FLORENCE, INC., et al., | : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | No. 2:06-cv-1797 |
| CEPHALON, INC., et al., | : : : | |
| Defendants. | : : | |
| VISTA HEALTHPLAN, INC., et al., | : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | No. 2:06-cv-1833 |
| CEPHALON, INC., et al., | : : : | |
| Defendants. | : : | |
| APOTEX, INC., | : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | No. 2:06-cv-2768 |
| CEPHALON, INC., et al., | : : : | |
| Defendants. | : : | |

**ORDER**

**AND NOW**, this 5th day of November, 2015, upon consideration of "Direct Purchaser Class Plaintiffs' Daubert Motion to Exclude the Opinions of Mr. Stoner and Drs. Cooper and Baranski" (Dkt. No. 06-1797, Doc. No. 603), "Direct Purchaser Class Plaintiffs' Daubert Motion to Exclude Cephalon's Expert Opinions on Infringement" (Dkt. No. 06-1797, Doc. No. 604), "Plaintiff Apotex, Inc.'s Daubert No. 1: Motion to Exclude Defendants' Experts Gardner,

1

Ludwig, Dahling and Karet" (Dkt. No. 06-2768, Doc. No. 698), and "Plaintiff Federal Trade Commission's Motion to Exclude Opinions of Cephalon's Ten Patent Experts," (Dkt. No. 08-2141, Doc. No. 280), which has been joined by the Private Plaintiffs, and upon consideration of the responses and replies thereto, and for the reasons set forth in the accompanying memorandum opinion, it is hereby **ORDERED** that:

— Direct Purchaser Class Plaintiffs' Daubert Motion to Exclude the Opinions of Mr. Stoner and Drs. Cooper and Baranski is **GRANTED in part and DENIED in part**. The motion is granted with respect to any opinions by these experts that the RE '516 patent is valid, that the omissions to the PTO were not material, or any legal standards that conflict with this Court's rulings in the Apotex validity trial. The motion is further granted with respect to Mr. Stoner's opinions regarding Cephalon's intent. The motion is denied in that these experts may testify regarding the Hatch-Waxman administrative framework, legal standards at issue in the Paragraph IV litigation, and the arguments made by the parties during the Paragraph IV litigation. This evidence is admissible for the limited purposes of demonstrating, on an ex ante basis, the strength of the RE '516 patent and that Cephalon's Paragraph IV positions were reasonable at the time of the settlements.

— Direct Purchaser Class Plaintiffs' Daubert Motion to Exclude Cephalon's Expert Opinions on Infringement is **GRANTED in part and DENIED in part**. The motion is granted with respect to any opinions by these experts that the RE '516 patent is infringed by the Generic Defendants' modafinil products. The motion is further granted in that Dr. Bugay's opinions are excluded as unreliable. Further, any infringement opinion that relies upon the testing performed by Dr. Bugay is also excluded. The motion is denied such that Cephalon may present expert opinions, on an ex ante basis, regarding the claim

construction and infringement arguments raised during the Paragraph IV litigation in an effort to demonstrate that those infringement arguments were reasonable.  The motion is also denied as to Dr. Williams' opinions regarding the doctrine of equivalents.

— Plaintiff Apotex, Inc.'s Daubert Motion No. 1 is **GRANTED in part and DENIED in part**.  The motion is granted with respect to any opinions that the patent is valid or infringed, as well as any opinions that directly conflict with any legal standards I adopted in the Apotex patent litigation.  The motion is further granted in that Dr. Dahling and Mr. Gardner's opinions that Cephalon's patent positions during the Paragraph IV litigation were reasonable and that Cephalon could have realistically expected to succeed on the merits are excluded.  The motion is also granted regarding Mr. Ludwig's opinion that he would have counseled Ranbaxy to settle its litigation with Cephalon, and Dr. Dahling's opinions regarding litigation uncertainty.  The motion is denied in that these experts may explain the Hatch-Waxman administrative framework, the procedural history of the case, and arguments made by Defendants during the Paragraph IV litigation on an ex ante basis.  The motion is also denied with respect to Mr. Ludwig's opinions on the risks faced by Ranbaxy in the Paragraph IV litigation and the procompetitive effects of settlement.  Apotex's challenges to Dr. Dahling and Dr. Karet's opinions on the reasonableness of Cephalon's license agreements are held under advisement.

— The FTC's Motion to Exclude Opinions of Cephalon's Ten Patent Experts is **GRANTED in part and DENIED in part**.  The motion is granted such that the experts may not opine that the patent is presently valid and/or infringed, or testify as to any legal standards that conflict with this Court's holdings in the Apotex patent trials.  The motion is denied in that Defendants may present evidence regarding the ex ante strength of the

RE '516 patent because such evidence does not run afoul of <u>Federal Trade Commission v. Actavis, Inc.</u>, 133 S. Ct. 2223 (2013).

         **BY THE COURT:**

         **/s/ Mitchell S. Goldberg**
         _____
         **Mitchell S. Goldberg, J.**