

600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001
T 202.344.4000   F 202.344.8300   www.Venable.com

February 14, 2018

J. Douglas Baldridge

T 202.344.4703
F 202.344.8300
JDBaldridge@Venable.com

**Via ECF**

The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA  19106

      Re:    *King Drug Company of Florence, Inc. v. Cephalon, Inc., et al.*
              Civil No. 2:06-cv-01797-MSG

Dear Judge Goldberg:

      I write on behalf of Ranbaxy pursuant to the Court's request during the January 30, 2018 pretrial scheduling conference and in the January 31, 2018 Order, that the parties propose a start date for a consolidated trial to resolve all the modafinil matters, including all claims by End-Payor Plaintiffs ("EPPs"), Direct-Payor Plaintiffs ("DPPs"), and United Healthcare Services, Inc. ("UHS").  In addition, I am responding to Mr. Gerstein's February 5, 2018 letter to the Court.

      Ranbaxy proposes that a consolidated trial involving all remaining Plaintiffs commence on or about October 15, 2018.[1]  The parties and judicial economy will be best served by such a consolidated trial.  There is no question that there is substantial overlap of the evidence that the different Plaintiffs will use to prosecute their claims against Ranbaxy.  Given this overlap, it will be far more efficient for the Court to deal with all pretrial and trial rulings at the same time, rather than repeatedly in separate trials.  Moreover, Ranbaxy, which already defended itself in the June 2017 trial, should not be forced to bear the significant expenditures of time, money, and other resources required for multiple additional trials against separate Plaintiff groups.  Finally, holding multiple trials will unduly burden third party/former employee witnesses who would undoubtedly be forced to testify multiple times.  On balance, there is no justification to force the parties and the Court to try these same claims multiple times.

      Mr. Gerstein provided no cognizable justification for imposing the burdens of multiple trials on the Court, third parties, and Ranbaxy.  Nor has he identified any prejudice the DPPs, or

---

[1]     Ranbaxy proposes October 15, 2018 to prevent any interference with religious observations and Columbus Day.  However, if the Court elects to proceed with a September 2018 trial, Ranbaxy will be prepared to start any trial as early as September 24, 2018.



The Honorable Mitchell S. Goldberg
February 14, 2018
Page 2

any Plaintiff for that matter, will suffer as a result of trying the DPPs' claims along with the other Plaintiffs' claims.[2]  Nor does Mr. Gerstein explain what prejudice will occur if the trial is scheduled for a date just a few months after June 2018.  In fact, it appears the DPPs are still struggling to marshal their resources.  Although Mr. Gerstein requested an expedited trial date for the Direct Purchaser Claims, the fact remains that ten out of the sixteen DPPs who intend to prosecute claims against Ranbaxy still have not filed any complaint, and although Mr. Gerstein stated that he was "[h]opeful" and "believed" that these additional DPPs will be "under" his and his co-counsel's "direction," those issues have yet to be answered definitively via the intervention motion and complaints Mr. Gerstein asserted would be forthcoming.  (Jan. 28, 2018 Status Report by DPPs, ECF No. 1081; Transcript of Jan. 30, 2018 Pretrial Conference, 1084, at 6-9, ECF No. 1084.)  Starting trial in October will allow ample time for all of these issues, as well as any issues remaining as to the other Plaintiffs' claims, to be resolved.

It is difficult to imagine what prejudice would occur as the result of a trial in October 2018 as opposed to June 2018.  As Mr. Gerstein noted, this litigation has been pending for more than a decade, and generic modafinil launched years ago.  An October 2018 trial will give all of the Plaintiffs and Ranbaxy time to resolve outstanding pre-trial issues, including potential limited discovery regarding the new Plaintiffs, and adequately prepare for trial.

Respectfully submitted,

*J. Douglas Baldridge* (signature)

J. Douglas Baldridge

---

[2]  Notably, Mr. Gerstein failed to address any issues regarding the End-Payor Plaintiffs.