# GARWIN GERSTEIN & FISHER LLP

COUNSELORS AT LAW

88 Pine Street
NEW YORK, NY  10005
(212) 398-0055
Fax (212) 764-6620
Sender's Email: bgerstein@garwingerstein.com

BRUCE E. GERSTEIN
SCOTT W. FISHER
JOSEPH OPPER

**OF COUNSEL**
NOAH H. SILVERMAN

SIDNEY L. GARWIN
 (1908-1980)
--
ELENA K. CHAN
EPHRAIM R. GERSTEIN
JONATHAN M. GERSTEIN
KIMBERLY M. HENNINGS
DAN LITVIN
ANNA TYDNIOUK

February 15, 2018

<u>VIA ECF</u>

The Honorable Mitchell S. Goldberg
United States District Court for the Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA   19106

>   Re:   *King Drug Company of Florence, Inc., et al. v. Cephalon, Inc. et al.*
>         Case No. 06-1797 (E.D. Pa.)

Dear Judge Goldberg:

I write on behalf of Direct Purchaser Plaintiffs ("DPPs") in response to Ranbaxy's February 14, 2018 letter concerning pretrial scheduling.

In DPPs' February 5, 2018 letter, DPPs outlined the reasons why DPPs' claims against Ranbaxy should be tried separately from, and prior to, the claims of plaintiff United Healthcare. In their February 14 response, Ranbaxy proposed "a consolidated trial involving all remaining Plaintiffs commenc[ing] on or about October 15, 2018." *See* 2/14/2018 Ranbaxy Ltr at 1. This request is ambiguous because it fails to specify whether Ranbaxy is requesting that all plaintiffs' claims against *Ranbaxy* be tried together, or, that all plaintiffs' claims against *all defendants including Cephalon* be tried together.  Consequently, DPPs respectfully request that the Court direct Ranbaxy to clarify this significant point for all of the parties and for the Court.

Further, if Ranbaxy is indeed seeking a consolidated trial of all plaintiffs' claims against all defendants, including Cephalon, DPPs believe that Ranbaxy has waived the argument that it would be unfairly prejudiced by the introduction of the Court's prior invalidity and materiality rulings against Cephalon on the basis of the Court's collateral estoppel ruling. Indeed, as detailed in DPPs' February 5 letter, throughout the course of this litigation, Ranbaxy has vehemently objected to trial in which Ranbaxy and Cephalon are co-defendants on the grounds of unfair prejudice. *See* 2/5/2018 DPP Ltr at 2 (citing Ranbaxy's prior statements). *See also* 1/23/2014 Tr. at pp. 153-54 (Ranbaxy Counsel: "[O]n behalf of Ranbaxy, I want to say, if the Court decides to apply collateral estoppel against Cephalon and perhaps instruct the jury, we very much want a separate trial. We do not see

how an instruction could cure that situation…Ranbaxy very much does not want to be involved in that trial, because it'll be deprived of its rights…."). Accordingly, if Ranbaxy is indeed requesting to go to trial with Cephalon as a co-defendant, DPPs respectfully request that the Court order that Ranbaxy has waived any and all arguments concerning alleged prejudice to Ranbaxy arising from such a trial.

        Respectfully submitted,

        /s/ Bruce E. Gerstein

        Bruce E. Gerstein

        *Counsel for Direct Purchaser Plaintiffs*

cc via electronic mail:      Counsel for all Parties