IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KING DRUG COMPANY OF FLORENCE, INC., et al.,** | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No. 2:06-cv-1797 |
| **CEPHALON, INC., et al.,** | : | |
| Defendants. | : | |
| **VISTA HEALTHPLAN, INC., et al.,** | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No. 2:06-cv-1833 |
| **CEPHALON, INC., et al.,** | : | |
| Defendants. | : | |
| **UNITED HEALTHCARE SERVICES, INC.,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 17-555 |
| **CEPHALON, INC.,** | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 1st day of March, 2018, upon review of the parties' correspondence regarding trial scheduling (Civ. A. No. 06-1797, Doc. Nos. 1085, 1086, 1087, 1088; Civ. A. No. 17-555, Doc. Nos. 83, 84, 85, 86), consideration of the various claims and parties involved in these collective matters, and taking into account the fact that Teva Pharmaceutical Industries Ltd, et al. v. United HealthCare Services, Inc., Civil Action No. 16-4870 is still pending and directly

impacts the future litigation of United HealthCare Services, Inc. v. Cephalon, Inc., Civil Action No. 17-555, it is hereby **ORDERED** that scheduling will proceed as follows:

1. The cases of King Drug Co. of Florence, Inc. v. Cephalon, Inc.,[1] Civil Action No. 06-1797 and Vista Healthplan, Inc. v. Cephalon, Inc.,[2] Civil Action No. 06-1833 will be listed for trial **on liability only** on **October 1, 2018** at 10:00 a.m. in a courtroom to be determined. Counsel and all parties shall be prepared to commence trial on that date. All counsel are attached for trial.

2. The liability portion discussed in paragraph 1 will be divided into two phases:[3]

    a. The first phase will involve only proofs regarding the alleged antitrust violations under a rule of reason analysis. The prior patent rulings regarding the '516 patent will not be mentioned by the Court, witnesses or attorneys during this first phase.

    b. If the jury answers the violation questions in Plaintiffs' favor, a second phase involving causation and injury will commence. Again, subject to counsel's input, this phase, including the admissibility of the prior patent rulings, will be

---

[1] The Plaintiffs in King Drug shall include the following: King Drug Company of Florence, Burlington Drug Company, Inc., JM Smith Corporation, Meijer, Inc., Meijer Distribution, Inc., Rochester Drug Co-operative, Inc., Stephen L. LaFrance Holdings, Inc., Stephen LaFrance Pharmacy, Miami-Luken, Inc., North Carolina Mutual Wholesale Drug Co., Value Drug Co., Publix Super Markets, Inc., FWK Holdings, LLC, AmerisourceBergen Drug Corp., H.D. Smith, Cardinal Health, The Harvard Drug Group, LLC, and McKesson Corp. The Defendants in King Drug shall be Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc.

[2] The Plaintiffs in Vista Healthplan shall include the following: Vista Healthplan, Inc, Pennsylvania Turnpike Commission, Pennsylvania Employees Benefit Trust Fund, District Council 37 Health & Security Plan, and Shirley Panebiano. The Defendants in Vista Healthplan shall be Ranbaxy Laboratories, Ltd., Ranbaxy Pharmaceuticals, Inc., and Mylan Pharmaceuticals, Inc.

[3] This structure is modeled after the trial held in Apotex, Inc. et al. v. Cephalon, Inc., et al., No. 06-2768, Giant Eagle, Inc. v. Cephalon, Inc., et al., No. 10-5164, Walgreen Co., et al. v. Cephalon, Inc., et al., No. 09-3956, and Rite Aid Corporation, et al. v. Cephalon, Inc., et al., No. 09-3820. I recognize that the October 1, 2018 trial involves different parties and I will of course, at a later date, allow all counsel in the pending trial to be heard on the structure of the trial.

    structured similarly to the process detailed in my June 8, 2017 Opinion in the case of <u>Apotex, Inc., et al. v. Cephalon, Inc., et al</u>, No. 06-2768, ECF No. 1196, pp. 11–18.

3. If the jury finds liability in the first two phases, a third phase of trial on damages only will be scheduled shortly thereafter.

4. On or before **August 7, 2018**, counsel for each party shall serve upon counsel for every other party:

    (a)    a copy of each exhibit the party expects to offer at trial, together with an index of all trial exhibits; and

    (b)    proposed stipulations.

5. No later than **August 23, 2018**, the parties shall file their pre-trial memoranda and motions *in limine*. The pretrial memoranda shall be prepared in conformance with Local Rule of Civil Procedure 16.1(c), and shall include the following:

    (a)    the identity of each liability fact witness to be called at trial with a brief statement of the nature of the expected testimony (witnesses not listed may not be called by that party in its case-in-chief);

    (b)    the identity of each expert witness to be called at trial with a brief statement of each opinion to be offered by the expert;

    (c)    designation of videotaped trial testimony and deposition testimony to be offered at trial;

    (e)    stipulations, if any;

(f) objections to and the grounds for the objections to the admissibility of any item of evidence including exhibits expected to be offered by another party;

(g) any party objecting to deposition testimony shall file the objections, setting forth the page and line numbers of the challenged testimony and a clear statement for the basis for each objection. The objecting party must provide the Court with a copy of the portions of the deposition transcript with the challenged testimony highlighted; and

(h) a statement of any anticipated legal issues on which the Court will be required to rule.

6. Responses to motions *in limine*, if any, shall be filed no later than **September 6, 2018**.

7. No later than **September 13, 2018**, the parties shall file <u>joint</u> proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury. Each party also shall file proposed jury instructions, verdict forms or special interrogatories on those issues not agreed upon by the parties. Each jury instruction shall be submitted on a separate sheet of paper, double-spaced, with references to citations and pattern jury instructions where appropriate.

8. Prior to the final pre-trial conference, counsel shall confer regarding stipulations and exhibits. Counsel shall resolve, if possible, objections to exhibits and witnesses.

9. A final pre-trial conference will be held on **September 25, 2018** at 11:00 a.m. in Courtroom 4-B. Counsel shall supply the Court with a tabbed exhibit binder and exhibit index. Additional binders shall also be prepared for the Deputy Clerk and for use with witnesses.

10. At the final pre-trial conference, counsel shall be prepared to argue pending motions *in limine* and objections to witnesses and exhibits.

11. A Rule 16 Telephone Conference is scheduled in the matter of <u>United HealthCare Services, Inc. v. Cephalon, Inc., et al.</u>, Civil Action No. 17-555, for **2:00 p.m., Wednesday, March 21, 2018 in Courtroom 4-B**.  Counsel shall consult Judge Goldberg's Policies and Procedures (available at http://www.paed.uscourts.gov) prior to the conference and shall take into account the other dates set forth in this Order.

                                                           **BY THE COURT:**

                                                           **/s/ Mitchel S. Goldberg**
                                                           **MITCHELL S. GOLDBERG, J.**