# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KING DRUG COMPANY OF FLORENCE, INC., *et al.,*<br><br>   *Plaintiffs*,<br>-against-<br><br>CEPHALON, INC., *et al.*,<br><br>   *Defendants*. | No. 2:06-cv-01797-MSG |
| UNITED HEALTH CARE SERVICES, INC.,<br><br>   *Plaintiff*,<br>-against-<br><br>CEPHALON, INC., *et al.*,<br><br>   *Defendants* | No. 2:17-cv-00555-MSG<br><br>Hon. Mitchell S. Goldberg |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO RE-OPEN FACT DISCOVERY**

## PRELIMINARY STATEMENT

After twelve years of litigation, and nearly five years after the close of discovery in the *King Drug* action, Plaintiffs ask the Court for a discovery do-over, seeking to re-open discovery so that they can attempt to correct evidentiary deficiencies that became apparent during the June 2017 Modafinil antitrust trial. Plaintiffs want to take as many as nine additional depositions at this late date in hopes of establishing the evidentiary foundations necessary to use certain documents at trial. Plaintiffs' motion should be denied.

Plaintiffs cannot demonstrate that good cause exists to reopen discovery. Plaintiffs do not—and cannot—argue that they had insufficient time to take the depositions within the discovery period. Nor do Plaintiffs claim that there have been significant changes in the factual arguments or legal theories of the case that would justify reopening discovery. Rather, the sole justification for Plaintiffs' motion is their anxiety that certain documents lack sufficient evidentiary foundation to be used at trial and their regret for not having done more to establish such a foundation during the lengthy fact discovery period. A party's lack of diligence is never good cause for modifying a scheduling order, even when there would be no prejudice to the other parties. But here there will indeed be prejudice. Ranbaxy's counsel is fully engaged in preparation for the impending trial. Allowing Plaintiffs to conduct an as-yet unspecified number of depositions would divert resources and attention away from those trial preparations, thereby prejudicing Ranbaxy over and above the inherent unfairness of reopening discovery nearly five years after the deadline set by the Court. Moreover, permitting Plaintiffs the opportunity to cure evidentiary deficiencies in their case without also allowing Ranbaxy the same opportunity would be inherently prejudicial.

1

**ARGUMENT**

A Scheduling Order is "intended to serve as the unalterable road map (absent good cause) for the remainder of the case." *Olgyay v. Soc. for Envtl. Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C. 1996) (quotation omitted). And, Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent."

"The Rule 16(b)(4) good cause inquiry focuses on the diligence of the party seeking the modification of the scheduling order." *Banks v. City of Philadelphia*, 309 F.R.D. 287, 290 (E.D. Pa. 2015). "To establish good cause, the moving party must demonstrate that a more diligent pursuit of discovery was impossible." *Alexiou v. Moshos*, No. CIV.A. 08-5491, 2009 WL 2913960, at *3 (E.D. Pa. Sept. 9, 2009). "That is, if the moving party was not diligent, there is no 'good cause' for modifying the scheduling order." *Banks*, 309 F.R.D. at 290. (quotations omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to ***deny*** a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification"; "if that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (emphasis added); *see also Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701–02 (E.D. Pa. 2007) (citing *Johnson* to hold that "if the party was not diligent there is no good cause," and "attorney oversight, carelessness, or inadvertence do not constitute good cause").  But even in instances where a movant can prove that they have acted diligently, and thus good cause exits, discovery should not be reopened if doing so will prejudice to the non-moving party. *See, e.g., Johnson,* 975 F.2d at 609 (the "existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion").

**1.      Plaintiffs Have Not Even Approximated a Showing of
         Good Cause to Reopen Discovery**

Plaintiffs have not demonstrated that they acted with the diligence necessary to justify reopening discovery in this case.  Plaintiffs have had years of opportunities to conduct the requested depositions, and did in fact take Rule 30(b)(6) depositions for the purpose of document authentication from many of the very same entities identified in Plaintiffs' motion, including Ranbaxy, Teva, Cephalon, and Mylan.  *See* Ex's B-E to the Declaration of Vincent E. Verrocchio dated August 3, 2018 ("Verrocchio Decl.").  These depositions were among more than 70 depositions that Plaintiffs conducted over years of discovery, further underscoring the fact that Plaintiffs had every opportunity prior to the close of discovery to conduct the depositions they now seek.  Plaintiffs' regrets for not having questioned witnesses about additional documents, or for not noticing additional depositions of third parties that produced documents during the discovery period, simply do not constitute good cause to reopen discovery.

In *Hazerci v. Technical Education Services, Inc.*, No. CIV. A. 08-1092, 2009 WL 1515742, at *2 (E.D. Pa. May 29, 2009), the plaintiff similarly requested leave to take a deposition after the close of discovery, arguing that the witness' testimony was important to the case and that plaintiff's counsel had made a "miscalculation regarding his need for discovery from [the witness]."  The court rejected this request, finding that a "miscalculation" by counsel regarding the need for evidence is not good cause for extending discovery.  *Id*; *see also McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995) ("when a plaintiff… is aware of the existence of documents before the discovery cutoff date and issues discovery requests, including subpoenas after the discovery deadline has passed, then the subpoenas… should be denied.").  There is no reason to depart from the ruling in *Hazerci* here.

3

In an effort to mask the fact that nothing prevented Plaintiffs from timely seeking the depositions they now wish to conduct, Plaintiffs blame Ranbaxy for the purported need to reopen discovery. In reality, Plaintiffs' counsel presented Ranbaxy with a list of nearly 200 documents—many of which are not documents created or produced by Ranbaxy—insisting that Ranbaxy waive all hearsay and authenticity objections to each document. In response, Ranbaxy agreed to waive any objection to the authenticity of its own documents, but appropriately noted that it cannot authenticate the records of the eight other companies and declined Plaintiffs' request for blanket waiver of Ranbaxy's potential hearsay objections. This attempt to shift the focus from Plaintiffs' failure to conduct the requested discovery during the discovery period does not constitute good cause.

Plaintiffs cannot credibly argue that it was unforeseeable that they would be bound by the rules of evidence at trial. It was entirely foreseeable that the parties would need the testimony of the person or entity that created or produced a document to establish the authenticity of the document and whether the document is a business record of that person or entity. And even if, as Plaintiffs argue, it could be assumed that some or all of the roughly 200 documents Plaintiffs have identified are "unquestionably authentic" and would also qualify as business records of the respective companies that produced them, those documents may still contain objectionable hearsay statements. As held in *AAMCO Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788 (E.D. Pa. 2008), "a business record can be excluded from evidence when it includes hearsay that does not fall under an exception [to the hearsay rule]." *Id* at 795; *see also Coyle v. Kristjan Palusalu Mar. Co.*, 83 F. Supp. 2d 535, 545 (E.D. Pa. 2000), *aff'd*, 254 F.3d 1077 (3d Cir. 2001) (excluding from evidence statements within a business record that were not demonstrated to have been made based on personal knowledge of the speaker). As such, there is nothing at all "formalistic" in

4

Ranbaxy's refusal to give Plaintiffs a blank-check to ignore the rules of evidence, and its refusal to waive the requirements of the rules of evidence does not create good cause to reopen discovery.

And, while it is true that United Healthcare was not a named party subject to the 2013 scheduling order in the *King Drug* action, it was well-represented through years of discovery by counsel for the proposed end-payor class, who conducted several Rule 30(b)(6) depositions seeking authentication of documents from many of the same entities identified in Plaintiffs' motion.  *See* Verrocchio Decl. Ex's B-E.  With the benefit of the discovery conducted by putative class counsel and other plaintiffs, United Healthcare has represented to the Court and the parties that it is "prepared to try its claims as promptly as possible" and that it is "ready to proceed to trial on the violation and causation against Ranbaxy on October 1."  *See* Email from H. Hume to Chambers of Judge Goldberg, Verrocchio Decl. Ex. A.  United Healthcare should be held to these representations.

Furthermore, United Healthcare retained its own counsel to monitor the case in 2012, but nonetheless continued "sitting on the sidelines" for more than a year after certification of an end-payor class was denied in June  2015.  *See* Trans. of June 11, 2018 Rule 16 Conf. at 13:17-15:1, Verrocchio Decl. Ex. F, (J. Goldberg noting that Ranbaxy has a "legitimate gripe" about United Healthcare's delay in pursuing its claims); Trans. of Jan 31, 2018 Pretrial Conf. at 17:6-9, Verrocchio Decl. Ex. G (United Healthcare's counsel remarking that it "retained counsel to monitor the case… in 2012").  United Healthcare's idling is not a justification to re-open discovery.

Moreover, United Healthcare is stayed from seeking discovery from several of the potential deponents identified.  There is no good cause to modify the scheduling order in the

5

*United Healthcare* case just as there is no good cause to modify the scheduling order in the *King Drug* case, and Plaintiffs' motion should be denied.

**2.      Granting Plaintiffs' Request to Reopen Discovery Would be Prejudicial to Ranbaxy**

As noted above, "'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order." *Chancellor*, 501 F. Supp. at 701.  Because Plaintiffs cannot demonstrate they were diligent in seeking the discovery they now belatedly request, there is no good cause, and this Court's inquiry should end.  *See id*. at 702; *Johnson*, 975 at 609 (under Rule 16(b), "if [a] party was not diligent, the inquiry should end").  However, even if Plaintiffs could demonstrate the existence of good cause—which they cannot—the Court has the discretion to deny Plaintiffs' motion where the non-moving party will be prejudiced.

Plaintiffs' assertion that Ranbaxy will suffer no prejudice from reopening discovery is both wrong and irrelevant.  It is irrelevant because Plaintiffs have failed to demonstrate good cause to re-open discovery.  While prejudice to the opposing party can justify a refusal to re-open discovery even where good cause has been demonstrated, it is not a part of the "good cause" analysis under Rule 16(b).  As the Court noted in *Chancellor*, "examining the prejudice to the opposing party would shift the inquiry from the conduct of the moving party to the burden on the non-moving party, thus eviscerating the requirement that the moving party show 'good cause.'"  501 F. Supp. 2d at n.6.

Moreover, the suggestion that Ranbaxy will not be prejudiced is simply wrong.  Scheduling, preparing for, and attending as many as nine Rule 30(b)(6) depositions will necessarily divert resources and attention away from preparations for the impending trial in this case, and will create significant expense for Ranbaxy.  Ranbaxy should not be forced to divert resources and attention away from its trial preparations in order to indulge Plaintiffs eleventh hour goose-chase to "head off any conceivable Ranbaxy objection" to any document Plaintiffs

6

believe might come up at trial.  Pl. Mem. of L. at 6.  In addition, re-opening discovery to allow Plaintiffs a redo to cure deficiencies in their case without providing the same opportunity to Ranbaxy is inherently unfair and prejudicial.

## CONCLUSION

Because Plaintiffs have failed to demonstrate good cause to re-open discovery years after its completion, their request to take the belated depositions of nine deponents should be denied pursuant to Federal Rule of Civil Procedure 16(b)(4).

Dated:  August 3, 2018               Respectfully submitted,

    /s/ *J. Douglas Baldridge*

J. Douglas Baldridge (admitted *pro hac vice*)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle R. Foley (admitted *pro hac vice*)
Vincent E. Verrocchio (admitted *pro hac vice*)
David L. Feinberg (admitted *pro hac vice*)
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4000
jbaldridge@venable.com
ljfales@venable.com
dfoley@venable.com
vverrocchio@venable.com
dlfeinberg@venable.com

*Attorneys for Defendants Sun Pharmaceutical Industries, Ltd. and Ranbaxy Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2018, Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Re-Open Fact Discovery was served on counsel for all parties through this Court's ECF System.

Dated:  August 3, 2018

    /s/ *J. Douglas Baldridge*

J. Douglas Baldridge